## Alden Evaporating Fruit Co. *v.* Bowen and another.

*(Circuit Court, N. D. New York. August 25, 1885.)*

PATENTS FOR INVENTIONS—REISSUE No. 5,648—ANTICIPATION.

The first claim of reissue No. 5,648, granted to Charles Alden, November 11, 1873, for an improvement in processes and apparatus for preserving animal and vegetable substances, the original patent, No. 121,569, having been granted to him December 5, 1871, *held* void.

In Equity.

*W. J. A. Fuller*, for plaintiff.

*Cogswell, Bentley & Cogswell*, for defendants.

BLATCHFORD, Justice. The controversy in this suit is reduced to the question of the infringement of claim 1 of reissued letters patent No. 5,648, granted to Charles Alden, November 11, 1873, for an "improvement in processes and apparatus for preserving animal and vegetable substances," the original patent, No. 121,569, having been granted to him December 5, 1871. Claim 1 reads thus:

"The within-described process of maturing and preserving animal and vegetable substances, in part through evaporation, and in part through chemical binding of their organic moisture, by exposing the same to a current of heated and humid air, increasing in humidity and decreasing in heat as the evaporation proceeds, said current of air moving in the same direction with the articles to be treated, substantially as herein set forth."

All there is of this process is whatever may result from the current of heated and humid air, increasing in humidity and decreasing in heat as the evaporation proceeds, the current of air moving in the same direction with the articles to be heated, and acting on the substances divided into extended surfaces and exposed on screens, which are moved away from the source of heat while still exposed to heat. The substance on the screen nearest the source of heat is exposed to it for a proper time, and the screen is then passed onward, and a fresh screen is introduced into the place thus vacated. The specification says:

"The current of air, in passing through these screens covered with fresh material, now carries with it an increased burden of moisture, derived from said material as it strikes upon the screens that have gone on before. With every forward movement of the carrying apparatus fresh screens are introduced, and the moisture of the current of air is increased thereby."

It also says that the process—

"Is generally carried on in an apparatus which consists essentially of an elongated chamber or shaft, square or oblong, or of any other form, in cross-section, and set vertically, as shown in the drawing, or in any other position found advantageous for particular purposes."

The specification states the rationale of the process thus:

"By introducing the green articles in the bottom part of the tower, and moving them in the same direction in which the air moves, the scorching or burning of such articles is effectually avoided, since an article in its moist state, when exposed to a high heat, gives up its moisture; and, as the heat is absorbed or rendered latent by such moisture, the article is prevented from being overheated, and, as it moves from the high to the low temperature, it becomes gradually deprived of all its free moisture, as previously stated."

The evidence shows that the process set forth and claimed existed before Alden's invention, in the apparatus used by the Shakers from 1860, as testified to by Anstatt; and in the dry-houses testified to by Ledyard, Rogers, and Ryder, where the fruit was first placed on the lowest tray nearest the fire, and that tray was moved upward in the dry-house as the operation progressed. The apparatus described by Alden may carry out the process more perfectly, but the process, as set forth in the claim, is the same. All that Alden had a right to claim was an apparatus or arrangement of mechanism. This he did in claim 2. But that claim is not infringed.

The bill is dismissed, with costs.